FRANK, Judge.
Quality Industries, Inc., appeals from an order granting two motions to dismiss filed by the appellees, Fred Keyes and Jane Keyes. We refer to the motions in the sequence in which they were disposed of in the trial court’s order. The first motion attacked the sufficiency of Quality’s counterclaim filed in Keyes’ action designed to discharge Quality’s claim of lien. The second motion challenged the adequacy of Quality’s complaint seeking the recovery of an outstanding balance due on a contract to improve the Keyes’ property.
Although the order does not identify the matter of law relied upon by the trial court for granting the first motion, the Keyes alleged in a pleading and assert to us that the statutorily required “contractor’s affidavit” must be served upon the debtor five days prior to filing a claim of lien. Thus, it is contended that because such affidavit was not received by the Keyes prior to filing the claim of lien, the counterclaim could not survive. The Keyes are and the trial court was in error.
Section 713.06(3)(d)l, Florida Statutes (1985), the controlling statute, provides as follows:
The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under this direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 *1249 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not. (emphasis added).
Quality’s claim of lien was filed on December 20, 1985. The contractor’s affidavit was received by the Keyes on March 24, 1986, and Quality’s counterclaim was not filed until April 9, 1986. It is apparent without further discussion that Quality complied with section 713.06(3)(d)l prior to seeking in its counterclaim to enforce the lien. See Ramada Development Company v. Rauch, 644 F.2d 1097, 1109 (5th Cir.1981). We find no statutory authority to support the Keyes’ contention that the contractor’s affidavit is to be served five days prior to filing of the claim of lien. We note in passing that the Keyes appear to have confused the pre-claim notice applicable to parties not in privity, prescribed in section 713.06(2)(a), with the affidavit requirement contained in section 713.-06(3)(d)l.
Adverting now to the second motion, the trial court stated in its order that Quality’s separate action to enforce its contract lien against the Keyes was barred by section 713.30; the trial court wholly mis-perceived the function of that section which states:
This part 1 shall be cumulative to other existing remedies and nothing contained in part 1 of this chapter shall be construed to prevent any lienor or assignee under any contract from maintaining an action thereon at law in like manner as if he had no lien for the security of his debt, and the bringing of such action shall not prejudice his rights under part 1 of this chapter, except as herein otherwise expressly provided.
Indeed, rather than precluding Quality from an independent contract action, § 713.30, by its title, “Other actions not barred,” and its literal purpose, reinforce the ability of Quality to pursue such action. See St. Regis Paper Co. v. Quality Pipeline, 469 So.2d 820, 823 (Fla. 2d DCA 1985).
Based upon the foregoing, we reverse, vacate the trial court’s order and remand this matter for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and LEHAN, J., concur.